IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 04-cv-01235-WYD

JASON ALAN CAPPELLI,

     Applicant,

v.

JOE ORTIZ, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

Applicant Jason Alan Cappelli is a prisoner in the custody of the Colorado

Department of Corrections.  Mr. Cappelli filed through counsel an application for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state

conviction and sentence.  On July 29, 2004, I ordered the respondents to file an answer

to the habeas corpus application.  On August 18, 2004, the respondents filed their

answer.  After reviewing the entire file, I find that an evidentiary hearing is not

necessary.  For the reasons stated below, the habeas corpus application will be

denied.

### I.  Factual and Procedural Background

On May 24, 1999, Mr. Cappelli drove to a Blockbuster Video Store in Lakewood,

Colorado.  While in the store, he had a verbal confrontation with the store manager,

Lacey Turnbow, who asked him to leave the store.  Mr. Cappelli got into his truck, but

had difficulty backing out of his parking space because a car was in the way.  Mr. Cappelli honked his horn and began yelling at the driver of the other vehicle, Jonathan Rivers.  Both drivers got out of their vehicles.  Mr. Cappelli ran up to the other driver and kicked him in the chest several times, knocking him off his feet and back into the driver's side doorway of his vehicle.  When the passenger in Mr. River's car, Jose Aguirre, got out to help Mr. Rivers, Mr. Cappelli tried to kick him but missed.  Mr. Cappelli then chased both Mr. Rivers and Mr. Aguirre around Mr. Rivers' car.

At that point, Lacey Turnbow and her sister Charlotte Turnbow, who happened to be visiting her sister at the time, followed Mr. Cappelli out of the store to make sure he left, and Lacey Turnbow attempted to intervene.  When Mr. Cappelli threatened her, she ran back into the store to call the police.  Mr. Cappelli got back into his truck and parked it next to Mr. Rivers' car.  He got out of his truck and tried to punch Mr. Aguirre, retrieved a bottle of motor oil from his truck, and poured oil over the exterior and throughout the interior of Mr. Rivers' car.  Mr. Cappelli then drove away.

On May 26, 1999, Mr. Cappelli was charged in Jefferson County District Court Case No. 99CR1378 with criminal mischief, causing damage of between $4,500 and $15,000 (class-four felony); third-degree assault as to victim Mr. Rivers (class-one misdemeanor); attempted third-degree assault as to victim Mr. Aguirre (class-two misdemeanor); and menacing as to victim Lacey Turnbow (class-three misdemeanor).  On January 13, 2000, Mr. Cappelli was convicted by a jury on all four charges.  He was sentenced to concurrent prison terms totaling twelve years.  Mr. Cappelli's conviction was affirmed on direct appeal.  *People v. Cappelli*, No. 00CA808 (Colo. Ct. App. Oct.

2

24, 2002) (not selected for publication).  On March 17, 2003, the Colorado Supreme Court denied certiorari review.  Neither party alleges whether Mr. Cappelli petitioned the United States Supreme Court for certiorari review.

On June 15, 2004, Mr. Cappelli filed the instant action and, on the same day, filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the Jefferson County District Court in Golden, Colorado.  On August 16, 2004, the trial court denied the motion.  On October 5, 2006, the Colorado Court of Appeals affirmed.  *People v. Cappelli*, No. 04CA1682 (Colo. Ct. App. Oct. 5, 2006).  Neither party alleges whether Mr. Cappelli petitioned for certiorari review.

In the instant action. Mr. Cappelli asserts two claims for relief:  (1) that his conviction was obtained through the denial of his right to confront government witnesses, and (2) that he was denied the right to due process because the trial court refused to enforce Colo. R. Crim. P. 16 to compel the prosecution to turn over materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  Respondents concede that the instant action is filed in a timely manner.  *See* 28 U.S.C. § 2244(d).

## II.  Exhaustion of State Remedies

Respondents first argue that Mr. Cappelli failed to exhaust state remedies as to each of his claims.  I need not resolve the issue of whether Mr. Cappelli has exhausted state remedies for his claims because, for reasons discussed later in this order, I find that the claims lack merit.  *See* 28 U.S.C. § 2254(b)(2).

## III.  Standard of Review

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Cappelli seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000) (Stevens, J., writing for the Court).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412 (O'Connor, J., writing for the Court).  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See id.* at 404-05.

The "contrary to" clause allows a writ of habeas corpus to issue "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

of law or if the state court decides a case differently that [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. The "unreasonable application" clause allows a writ of habeas corpus to issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See id.* at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Cappelli bears the burden of rebutting the presumption by clear and convincing evidence.

I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his

'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

## IV. Merits of the Claims

### A. Claim One

Mr. Cappelli first claims that his conviction was obtained through the denial of his right to confront government witnesses.  He specifically complains that his rights to confrontation and to present a defense were violated because the trial court prohibited him from questioning Mr. Rivers' probation officer, Cheryl Boller, about two criminal charges filed against him for sidewalk peddling a week after the Blockbuster incident. Mr. Cappelli argues that the prosecution opened the door to the evidence and that he needed to rebut Ms. Boller's testimony on cross-examination that Mr. Rivers was an exemplary probationer.  He also alleges that Ms. Boller had signed a petition to revoke Mr. Rivers' probation, which was pending at the time of trial, to support his theory that because Mr. Rivers was facing the possible revocation of his probation he had a motive to fabricate certain portions of his testimony.

Although Mr. Cappelli characterizes his claim as a denial of the right to confrontation, it more appropriately is characterized as the improper exclusion of evidence or the denial of his right to present favorable evidence.  Federal habeas corpus review does not ordinarily extend to state court rulings on the admissibility of evidence.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  However, when the admission of evidence in a state trial is challenged on federal habeas, the only question is "whether the error, if any, was so grossly prejudicial that it fatally infected

the trial and denied the fundamental fairness that is the essence of due process." *Id.* (citations and internal quotation marks omitted); *Williamson v. Ward*, 110 F.3d 1508, 1522-23 (10th Cir. 1997).

On direct appeal, the Colorado Court of Appeals found that the trial court did not abuse its discretion by excluding evidence that Mr. Rivers had been charged with sidewalk peddling because the trial court would not allow the use of subsequent acts to prove what happened in the Blockbuster incident. In addition, the appeals court noted that the trial court permitted defense counsel to clarify on cross-examination that Ms. Boller, in describing Mr. Rivers as an exemplary probationer, was referring only to Mr. Rivers' behavior prior to the Blockbuster encounter with Mr. Cappelli.

As previously stated, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox*, 196 F.3d at 1177. I do not find that the state court's appellate decision was contrary to or an unreasonable application of *Estelle*. As discussed above, the appeals court found that evidence of the sidewalk peddling incidents after the Blockbuster incident had little relevance for the evidentiary purpose of rebutting Ms. Boller's testimony that Mr. Rivers was an exemplary probationer. In addition, the appeals court pointed out that the trial court permitted defense counsel to clarify that Ms. Boller was referring only to Mr. Rivers' behavior prior to the Blockbuster encounter with Mr. Cappelli, thus making irrelevant evidence of conduct constituting a probation violation after that date.

Furthermore, the charges in this case were established by evidence of Mr. Cappelli's guilt by witnesses independent of Mr. Rivers. Two other eyewitnesses,

7

Lacey and Charlotte Turnbow, also testified at trial.  Even if Mr. Rivers had been further impeached by evidence of his pending probation revocation, this would not have affected the credibility of the Turnbow sisters, who also testified to the assault against Mr. Rivers; to the threat to kill or harm Lacy Turnbow, the basis of the misdemeanor menacing conviction; and to the facts establishing the felony charge of criminal mischief, i.e., causing damage of between $4,500 and $15,000.

Therefore, I fail to find that the trial court erred by not allowing additional impeachment of Mr. Rivers, which had no significance to the Blockbuster incident, and even if the trial court did error, I do not find that the error was so grossly prejudicial that it fatally infected the trial and denied due process.  Mr. Cappelli is not entitled to habeas relief on this claim.

## B.  Claim Two

In his second claim, Mr. Cappelli contends that he was denied the right to due process because the trial court refused to enforce Colo. R. Crim. P. 16 to compel the prosecution to turn over *Brady* materials.  To the extent Mr. Cappelli complains that the trial court did not enforce his rights to discovery under Colo. R. Crim. P. 16, he fails to state a federal constitutional claim.  In any case, there is no general constitutional right to discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Hernandez-Muniz*, 170 F.3d 1007, 1011 (10th Cir. 1999).  Federal habeas relief does not extend to alleged errors of state law.  *Estelle*, 502 U.S. at 67-68.

Mr. Cappelli has a federal due process right to the discovery of exculpatory evidence under *Brady*.  *Brady* requires the disclosure to the defendant of evidence in the prosecution's possession that is "material" to the defense.  Under *Brady*, evidence is material only if there is a reasonable probability that disclosure to the defense would have resulted in the jury's acquitting the defendant.  *Banks v. Dretke*, 540 U.S. 668, 698  (2004); *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).  Additionally, the *Brady* rule applies only to favorable evidence that the prosecution has but that is unavailable to the defendant.  *See Hernandez-Muniz*, 170 F.3d at 1011 (citing *DeBerry v. Wolff*, 513 F.2d 1336, 1340 (8th Cir. 1975) (preliminary hearing transcript was a public record, just as available to the defendant and his counsel as to the prosecutors)); *see also Mills v. Singletary*, 63 F.3d 999, 1019 (11th Cir. 1995) (jail records regarding medication was not in the exclusive possession and control of the state, and thus was not *Brady* material).

When Mr. Cappelli moved for discovery of Mr. Rivers' court and probation files, the trial court ruled "that information in the court file was equally available to the defendant and that the probation file was not in the custody or control of the prosecution."  *See* 00CA0808, slip op. at 3.  The pending motion to revoke that Mr. Cappelli contends qualifies as material impeachment evidence under *Brady* would have been present in the court file, to which he had access.  Because Mr. Cappelli had equal access to Mr. Rivers' probation file, and could have discovered the petition to revoke had he exercised diligence, no *Brady* violation has been shown.

9

Furthermore, the petition to revoke would not have provided substantial additional impeachment such that disclosure to the defense would have resulted in Mr. Cappelli's acquittal.  As previously discussed, the offenses were not established exclusively through Mr. Rivers' testimony.  Eyewitnesses Lacy and Charlotte Turnbow also testified at trial.  Even if Mr. Rivers had been further impeached by evidence of his pending probation revocation, this would not have affected the credibility of the remaining evidence.  Because the charges in this case were established by ample evidence of Mr. Cappelli's guilt by witnesses independent of Mr. Rivers, additional impeachment of Mr. Rivers would not have resulted in Mr. Cappelli's acquittal.

Giving deference to the state court's result, I do not find that the state court's decision on direct appeal that Mr. Cappelli is not entitled to a reversal because he allegedly was denied discoverable materials in Mr. Rivers' court and probation files is contrary to or an unreasonable application of *Brady*.  Mr. Cappelli is not entitled to habeas relief on this claim.

## V. Conclusion

The claims asserts in the instant habeas corpus application are without merit. Therefore, the habeas corpus application will be denied.  Accordingly, it is

ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  February 28, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge