IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 04-cv-01235-WYD

JASON ALAN CAPPELLI,

    Applicant,

v.

JOE ORTIZ, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Jason Alan Cappelli, through counsel, filed on March 12, 2007, a motion titled "Petitioner's Motion to Reconsider Pursuant to Rule 59, Federal Rules of Civil Procedure, With Alternate Request for Certificate of Appealability." On March 14, 2007, the respondents filed a response titled "Respondent's [sic] Response to Motion to Reconsider Pursuant to Rule 59, Federal Rules of Civil Procedure." On April 5, 2007, Mr. Cappelli, through counsel, filed a reply revisiting the issues addressed in the motion to reconsider. In his March 12 motion, Mr. Cappelli asks me to reconsider the February 28, 2007, order denying his 28 U.S.C. § 2254 application; to grant a hearing on the application; or, alternatively, to issue a certificate of appealability. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Cappelli's motion to reconsider was filed within ten days after the Court's dismissal order. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the motion to reconsider properly is filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

I dismissed the instant habeas corpus action on the merits. In the motion to reconsider Mr. Cappelli disagrees with my determination of the merits of his claims. He complains that I incorrectly characterized his first claim that his conviction was obtained through the denial of his right to confront government witnesses as one of exclusion of evidence under *Estelle v. McGuire*, 502 U.S. 62 (1991). Mr. Cappelli characterizes his claim as a denial of the right to confrontation under *Davis v. Alaska*, 415 U.S. 308, 315 (1974).

In his habeas corpus application, Mr. Cappelli complained that, while he was permitted to show that prosecution witness Jonathan Rivers was under supervision as a sex offender, he was prohibited from questioning Mr. Rivers' probation officer, Cheryl Boller, whether Mr. Rivers had violated his supervision by engaging in sidewalk peddling and whether she had filed a motion to revoke his probation, in order to rebut her testimony on cross-examination that Mr. Rivers had been an exemplary probationer.

Mr. Cappelli's complaint that he was not able to impeach the testimony of his own witness, Ms. Boller, is not a denial-of-the-right-to-confrontation claim. *See*

*Richmond v. Embry*, 122 F.3d 866, 871 (10th Cir. 1997) (where defendant attempted to introduce impeachment evidence through his own witness, claim properly was characterized as the denial of the right to present evidence, not as the denial of the right to confrontation).  In *Davis*, the defendant was precluded from cross-examining a key prosecution witness.  However, Ms. Boller was not a prosecution witness.  Mr. Cappelli had called Ms. Boller in order to establish that Mr. Rivers had a motive to fabricate certain portions of his testimony.  Ms. Boller testified that, if Mr. Rivers had assaulted someone or given false information to a police officer, his probation could be terminated.  Thus, Mr. Cappelli was able to impeach the bias or motive of Mr. Rivers, who was a key prosecution witness, in compliance with *Davis*.

Mr. Cappelli was not denied his right to confrontation because he was permitted to cross-examine both Mr. Rivers and Ms. Boller.  The state court excluded as irrelevant the evidence that Mr. Cappelli wanted to elicit, i.e., that Mr. Rivers had been criminally charged with sidewalk peddling after the Blockbuster incident.  Restriction of cross-examination on relevancy grounds does not violate a defendant's right to confrontation.  *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (trial judges do not violate the Confrontation Clause by imposing reasonable limits on cross-examination based on concerns about harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant).

Upon consideration of the motion to reconsider and the entire file, I find that Mr. Cappelli fails to demonstrate some reason why I should reconsider and vacate the order to dismiss this action.  The three major grounds that justify reconsideration are:

(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Cappelli does not allege the existence of any new law or evidence and he fails to convince me of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Petitioner's Motion to Reconsider Pursuant to Rule 59, Federal Rules of Civil Procedure, With Alternate Request for Certificate of Appealability" that Applicant Jason Alan Cappelli filed, through counsel, on March 12, 2007, is denied.

Dated: April 25, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge